## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN CARUSO | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | C.A. No.: |
| | : | |
| OMNI HOTELS MANAGEMENT | : | |
| CORPORATION, d/b/a OMNI HOTEL, Alias, and | : | |
| JOHN DOE, Alias. | : | |
| *Defendants*. | : | |

## NOTICE OF REMOVAL

The defendant, Omni Hotels Management Corporation ("Defendant"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files its Notice of Removal to remove this action, which was filed in the Superior Court for Providence County Rhode Island, to this Court.  In support of this Notice of Removal, Defendant states as follows:

I.      PLEADINGS.

1.      The plaintiff, John Caruso, filed a Complaint in the Superior Court for Providence County Rhode Island, Case No. PC-2018-2403, against Defendant and John Doe, alleging personal injuries for an alleged trip and fall on Defendant's premises on or about May 14, 2016.

II.     REMOVAL IS PROPER IN THIS CASE.

A.      Removal is timely and the amount in controversy exceeds $75,000.

2.      Removal is timely pursuant to 28 U.S.C. 1446(b) because Defendant's Notice of Removal was made within thirty (30) days of service of the Summons and Complaint upon the Defendant. Defendant was served through its registered agent on or about May 7, 2018.

3.      The Complaint fails to demand a sum Plaintiff is seeking. However, 28 U.S.C. §1446 (c)(2) provides:

(2)  If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a) [28 USCS § 1332(a)], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--

    (A)  the notice of removal may assert the amount in controversy if the initial pleading seeks--

        (i)  nonmonetary relief; or

        (ii)  a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

    (B)  removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a) [28 USCS § 1332(a)].

4.     Pursuant to 28 U.S.C. §1446 (c)(2)(A), Defendant states the amount in controversy exceeds the sum of $75,000 as Plaintiff has alleged that the incident that is the subject of his Complaint caused "medical expenses, scarring, pain and suffering, lost wages, loss of earning capacity and other damages." (Compl. ¶¶ 9, 14.) The Plaintiff was allegedly injured on May 14, 2016. (Compl. ¶ 8.) The summons for the Complaint was not generated until April 10, 2018. The fact that Plaintiff alleges he has scarring and loss of earning capacity and other damages nearly two years after the alleged incident, weighs heavily in favor of finding the Complaint states an amount in controversy in excess of $75,000.00. *See Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 65 (D.R.I. 2002) ("The court notes that Plaintiffs were allegedly injured on February 29, 2000, and that their Complaints were filed on February 27, 2002. The fact that Gabrielle and Rollins each allege that they are still disabled almost two years after the incident and that their disabilities will continue indefinitely into the future weighs heavily in favor of a finding that the Complaints demonstrate that the amount in controversy reasonably exceeds $ 75,000.00.").

B.    There is complete diversity among the parties.

5.    Upon information and belief, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Plaintiff was and still is a resident, citizen and domicile of the State of Florida. (Compl. ¶ 1.)

6.    For purposes of diversity of citizenship, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business.  28 U.S.C. §1332(c)(1).

7.    At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Defendant was and still is a Delaware corporation with its principal places of business in Dallas, Texas, and, thus, was and still is a citizen of the States of Delaware and Texas for purposes of determining diversity.

8.    Defendant John Doe is a fictitious name whose true name is unknown to Plaintiff. (Compl. ¶ 3.)

9.    For purposes of diversity of citizenship, the "citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C § 1441(b)(1). As a result, the citizenship of defendant John Doe may be disregarded for the purpose of determining whether this action is removable on the basis of diversity jurisdiction.

10.    Further, defendant John Doe is not a properly joined and served defendant under 28 U.S.C. 1441(b)(2), and is a nominal and/or fraudulently joined defendant.

11.    For purposes of diversity of citizenship, "nominal" parties that have been joined to the action must be disregarded, and the Court need only rest the jurisdiction upon the citizenship of the real parties to the controversy. *See, e.g., Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-461 (1980).  When determining what constitutes a "nominal party" for removal

purposes, courts have reviewed whether there is any "legal possibility for predicting" that the party could be found liable. *See Creed v. Virginia*, 596 F. Supp. 2d 930 (E.D. Va. 2009) (citing *Allen v. Monsanto Co.*, 396 F. Supp. 2d 728, 733 (S.D.W.Va. 2005). Courts have also considered "whether a court would be able to enter a final judgment favoring the plaintiff in the absence of the purportedly nominal defendant without materially affecting the relief due to the plaintiff." *Creed*, 596 F. Supp. 2d at 935; *accord Blue Mako, Inc, v. Minidis*, 472 F. Supp. 2d 690, 696 (M.D.N.C. 2006).

12.    "Fraudulent joinder" of a non-diverse defendant does not prevent removal as the citizenship of a "fraudulently joined" party is ignored when determining whether complete diversity is present. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S. Ct. 35, 66 L. Ed. 144 (1921); *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) (noting fraudulent joinder is a judicially-created doctrine providing an exception to the complete diversity requirement). In a case of fraudulent joinder "the Court's task is to determine whether it is reasonable to expect that the plaintiff may succeed on its claim. *Arriaga v. New Eng. Gas Co.,* 483 F. Supp. 2d 177, 183 (D.R.I. 2007). When a defendant is fraudulently joined, the "district court can disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999).

13.    The Complaint fails to state a claim against John Doe as no specific allegations have been asserted against John Doe, no affirmative negligence has been alleged against John Doe, and Plaintiff's theory of recovery is based on premises liability where the premises are alleged to be owned by Defendant Omni. *See* Compl. ¶ 5 ("On or about May 14, 2016, Plaintiff, John Caruso, was a business invitee upon Defendant, Omni Hotels Management Corporation,

d/b/a Omni Hotel premises located at 1 West Exchange Street, Providence, Rhode Island."). It also appears that the inclusion of John Doe as a party, based on the allegations of liability in the Complaint, is devoid of any factual predicate for a cause of action against him, and rather, constitutes outright fraud/lack of any basis for a claim against him. It is readily apparent from the allegations in the Complaint that John Doe "was joined as a defendant without any purpose to prosecute the action in good faith as against him and with the purpose of fraudulently defeating the [defendant's] right of removal." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 98, 42 S. Ct. 35, 37-38 (1921); *see also, Arriaga v. New Eng. Gas Co.*, 483 F. Supp. 2d 177, 185 (D.R.I. 2007) ("lack of a good-faith intent to prosecute a claim asserted against a non-diverse defendant may make joinder of that defendant fraudulent even though the claim is well founded"); *Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 68 (D.R.I. 2002). Therefore, defendant John Doe is nominal and/or fraudulent party whose citizenship may be disregarded. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

14.     Accordingly, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, there was and still is complete diversity among the parties, and removal is proper under 28 U.S.C. §1332(a)(1).

C.     Venue and other requirements are satisfied.

15.     This Court has jurisdiction of this action by reason of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b). United States District Court for the District of Rhode Island includes Providence County Rhode Island in which this action is pending.  Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. §1441(a).

16.     As counsel for Defendant, the undersigned hereby certifies that all defendants who have been properly joined and served join in and consent to the removal of this action (Defendant contends John Doe has not been properly joined or served).

17.     Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, and orders served upon Defendant in the original state court action as of this date are attached hereto as "**Exhibit A**".

18.     Pursuant to 28 U.S.C. § 1446(d), Defendant filed a written notice of removal with the state court in which this action is pending, a copy (without exhibits) of which is attached hereto as "**Exhibit B**". A copy of this Notice of Removal is being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

19.     By filing this Notice of Removal, Defendant does not waive any defenses, including without limitation, failure to state a claim, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

WHEREFORE, the Defendant respectfully requests to remove this Action from the Superior Court for Providence County Rhode Island to this Court.


Respectfully Submitted,

OMNI HOTELS MANAGEMENT CORPORATION


_____
Charles D. Blackman (#5522)
LEVY & BLACKMAN LLP
469 Angell Street, Suite 2
Providence, Rhode Island 02906
Phone: (401)437-6900
Fax: (401)632-4695
cblackman@levyblackman.com
*Attorneys for Omni Rhode Island, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st of May, 2018, the foregoing document was duly served by mailing a copy to the following attorney of record not yet participating in the CM/ECF system, in accordance with the provisions of Rule 5, Federal Rules of Civil Procedure:

RONALD J. RESMINI, ESQ. (484)
ANDREW O. RESMINI, ESQ. (8705)
Law Offices of Ronald J. Resmini
155 South Main Street, Suite 400
Providence, RI 02903
(401) 751-8855 (tel)
(401) 228-6577 (fax)
E-file email: efile@resminilawoffices.com


/s/ Charles D. Blackman_____ _____
Charles D. Blackman (#5522)