UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN CARUSO,

    Plaintiff,

v.

OMNI HOTELS MANAGEMENT
CORPORATION d/b/a OMNI HOTEL,
and ULTIMATE PARKING, LLC,

    Defendants.

C.A. No. 18-277-JJM-LDA

## MEMORANDUM & ORDER

Following the settlement of a negligence lawsuit, Defendant Ultimate Parking, LLC ("Ultimate") has moved for summary judgment against Co-Defendant Omni Hotels Management Corporation, d/b/a Omni Hotel ("Omni") on Omni's crossclaims for contribution and indemnification. ECF No. 82. For the reasons stated below, Ultimate's Motion is GRANTED.

### I. BACKGOUND

This case arises from a negligence action brought by Plaintiff John Caruso. After tripping and falling outside of a hotel operated by Omni, Mr. Caruso brought suit against Omni and Ultimate, which operated Omni's valet and parking services. Ultimate provided these services pursuant to a Concession Agreement ("Agreement"), under which each party owes a duty to the other to indemnify and defend against liability for claims that did not arise from the second party's negligence or intentional misconduct.

Mr. Caruso's Amended Complaint brought claims of negligence against both Defendants, and Omni brought crossclaims for indemnification and contribution against Ultimate. ECF Nos. 16, 19. Defendants moved for summary judgment with respect to Plaintiff's claims, which this Court denied. ECF Nos. 49, 51. Approximately one year later, Mr. Caruso and Ultimate entered into a settlement agreement to which Omni was not a party. Under the terms of the settlement, Ultimate agreed to pay the full settlement amount in exchange for Mr. Caruso unconditionally releasing both Defendants.

Following the settlement, Mr. Caruso filed, and this Court granted, a Motion to Dismiss his claims. ECF No. 75. Omni then filed a "Response" to Mr. Caruso's Motion, expressing no objection to the dismissal of his claims but expressly preserving its cross-claims – for (1) Contractual Indemnification, (2) Common Law Indemnification, and (3) Contribution – against Ultimate. ECF No. 76. Ultimate filed a Reply arguing that the crossclaims are futile. ECF No. 77. Following the Reply, this Court dismissed the case in its entirety, then, following Omni moving to reconsider, vacated the dismissal of Omni's crossclaims and called for a dispositive motion from Ultimate to resolve the claims.

Ultimate has since filed the instant Motion for Summary Judgment, which calls for the dismissal of Omni's crossclaims against it. ECF No. 82.

## II.   STANDARD OF REVIEW

Under the Federal Rules, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law . . .. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, a court must "tak[e] the facts in the light most favorable to the non-moving party and draw[ ] all reasonable inferences in [its] favor." *Barraford v. T & N Ltd.*, 778 F.3d 258, 263 (1st Cir. 2015).

### III.   DISCUSSION

Ultimate's Motion for Summary Judgment urges this Court to dismiss Omni's crossclaims against it for (1) contractual indemnification pursuant to the Agreement between the two parties and (2) indemnification under Rhode Island law.[1] ECF No. 82-1 at 10-13. Omni responds that summary judgment would be inappropriate, given genuine issues exist as to whether Ultimate is obligated to pay the attorneys' fees Omni has accrued throughout this litigation. ECF No. 85 at 10-25.

*1. Contractual Indemnification*

Omni's contractual indemnification crossclaim is based on the Agreement it shares with Ultimate, which provides, in relevant part:

> "Ultimate shall indemnify and hold harmless [Omni] from and against any and all liability, claims, liens, losses, expenses and judgments of every kind whatsoever, by whomsoever asserted, on account of claims or

---

[1] Omni also asserted a crossclaim against Ultimate for contribution, which both parties agree is moot in light of Ultimate's settlement with Mr. Caruso, under which Omni paid no money to Mr. Caruso. ECF Nos. 82-1 at 9; 85 at 3 n.1. They rightly observe that this forecloses any claim for contribution, which is available "only when [a party] has discharged more than [its] proportionate share" – an impossibility if a party has paid nothing. *Barone v. O'Connell*, 785 A.2d 534, 536 (R.I. 2001).

demands of every character occurring on or in any way incident to, or arising from or in connection with any act or failure to act by Ultimate or any of its agents, contractors, servants, or employees in the operation of the Business during the term of this Agreement, ***provided that no such claim arises from any set of negligence or intentional acts or misconduct of [Omni] or any of its employees***, subsidiaries, affiliates, officers, agents, contractors or parent company. In the event indemnification is proper, Ultimate, upon reasonable notice from [Omni], shall at Ultimate's expense, resist or defend such action or proceeding and employ counsel therefor reasonably satisfactory to [Omni]; provided however that [Omni] hereby agrees that counsel retained by any insurer of Ultimate that defends any such claim on Ultimate's behalf shall be deemed satisfactory."

ECF No. 83-1 at 9 ¶ 17(a) (emphasis added).[2] Omni argues that, pursuant to the Agreement, it is entitled to indemnification for attorneys' fees from Ultimate.

In its Motion for Summary Judgment, Ultimate counters that this claim fails as a matter of law. Specifically, Ultimate contends that the underlying claims of this suit arise from Omni's own negligence – precluding claims for indemnification under the Agreement. As evidence, Ultimate points to Mr. Caruso's Amended Complaint, which contained a count of negligence solely against Omni, and the case record thus far, which contains numerous references to Omni's alleged negligence. ECF No. 82-1 at 12.

Omni urges a different interpretation of the Agreement, arguing that "Ultimate is only relieved from indemnifying Omni if the evidence at trial establishes that [Mr. Caruso's] claims against Omni did, in fact, arise from Omni's negligent or intentional acts or omissions, and that those acts or omissions proximately caused

---

[2] The Agreement contains a nearly identical provision requiring Omni to indemnify Ultimate in analogous situations. ECF No. 83-1 at 9 ¶ 17(b).

[Mr. Caruso's] injuries." ECF No. 85 at 12. In support of this interpretation, it cites Rhode Island case law in which courts reviewing analogous cases have held that "the duty of indemnification depends upon whether the indemnitee is proven negligent at trial – not upon whether the indemnitee is merely alleged to have been negligent." *Id.* at 13 (citing *Walsh v. Lend Lease (US) Constr.*, 155 A.3d 1201, 1205-06 (R.I. 2017); *Manning v. New Eng. Power Co.*, No. PC98-5091, 2004 R.I. Super. LEXIS 216, *15-*16 (R.I. Super. Ct. Dec. 22, 2004)). Further, Omni points to the denial of both parties' previous Motions for Summary Judgment against Mr. Caruso, in which this Court held that there are genuine issues of material fact as to whether the parties were negligent and whether their negligence was a proximate cause of Mr. Caruso's injuries. *Id.* at 10.

Unfortunately for Omni, the prior holdings cited are inapposite here. In part as Ultimate points out, the contractual language at issue in the state court cases cited was decidedly distinct from the language of the Agreement here. Specifically, in *Walsh*, the contract provided indemnification was not required "if such injury . . . is caused by the sole negligence of a party indemnified hereunder." *Walsh*, 155 A.3d at 1205. In *Manning*, the agreement stated indemnification was not required "if such claims . . . are caused by the negligence of a party identified hereunder." *Manning*, 2004 R.I. Super. LEXIS 216 at *6-*7. In contrast to the narrow language of "sole negligence," or the definitive requirement of "caused by," the instant Agreement

5

precludes indemnification if the claim "arises from" Omni's negligence, intentional acts, or misconduct.[3]

The Court cannot read Omni's interpretation into such broad language. Omni interprets "arising from" negligence to require a judicial determination of negligence on the part of Omni before indemnification is precluded. ECF No. 85 at 11-12. In contrast, the circumstances here are sufficient to find that Mr. Caruso's claims against Omni arose from its negligence. As Ultimate points out, Count I of Mr. Caruso's Amended Complaint contains multiple allegations of negligence solely against Omni. ECF No. 16 at 2-3. Count II contains similar allegations against Ultimate and, again, Omni. *Id.* at 3-4. It strains credulity to claim that the indemnification clause would obligate Ultimate to fund Omni's defense against these allegations – regardless of their actual veracity, or what a factfinder might find were the claims to go to trial.

Accordingly, this Court need not rule on Omni's actual negligence in order to determine that Ultimate is not obligated to indemnify Omni.[4] The fact that the claims brought in this suit overwhelmingly charged negligence on the part of Omni is sufficient for finding that the claims "arose from" Omni's negligence – precluding

---

[3] Omni also cited the above and other cases to draw an extended analogy between the Agreement here and arrangements common in liability insurance contracts. ECF No. 85 at 16. This argument conflicts with the plain language of this clause – which clearly removes any duty Ultimate might have to defend Omni, based on Omni's alleged contributions to the negligence claimed.

[4] Because of this, it is irrelevant that this Court previously denied summary judgment on Mr. Caruso's claims against Omni – holding that "a trier-of-fact should decide . . . whether either or both Defendants were negligent . . .." Text Order dated April 14, 2020.

indemnification.[5] Given the lack of genuine issues of material fact regarding Omni's cross-claim of contractual indemnification against Ultimate, Ultimate's Motion for Summary Judgment is GRANTED on this claim.

### 2. *Common Law Indemnification*

Ultimate also moves for summary judgment on Omni's crossclaim for common law indemnification. ECF No. 82-1 at 10. To demonstrate the right to such indemnification, "the prospective indemnitee must prove three elements. First, the party seeking indemnity must be liable to a third party. Second, the prospective indemnitor must also be liable to the third party. Third, as between the prospective indemnitee and indemnitor, the obligation ought to be discharged by the indemnitor." *Fish v. Burn Bros. Donut Shop, Inc.*, 617 A.2d 874, 875 (R.I. 1992) (quoting *Muldowney v. Weatherking Products, Inc.*, 509 A.2d 441 (R.I. 1986)). Somewhat ironically, here Omni argues that the Court need not make any finding of liability to rule that common law indemnification is available. ECF No. 85 at 23.[6] This conflicts with the required elements of the claim – again, both the party seeking indemnity and the prospective indemnitor must be liable to a third party. Per the terms of the

---

[5] Both parties provide differing takes on the relevance that Omni paid nothing in the settlement. ECF Nos. 82-1 at 2; 85 at 14-15. Because indemnification is precluded based on a straightforward interpretation of the Agreement, the Court need not consider this fact.

[6] Omni attempts to focus on the pleadings – arguing that indemnification should be available in part due to alleged distinctions between "active" and "passive" negligence on the part of the co-Defendants. ECF No. 85 at 23-25. Given the indemnification claim's failure as a matter of law, these alleged distinctions are irrelevant.

7

settlement, and subsequent dismissal of Mr. Caruso's claims against both Omni and Ultimate, these elements are not met.

Because Omni's crossclaim for common law indemnification against Ultimate fails as a matter of law, no genuine issues of material fact exist and the Court GRANTS Ultimate's Motion for Summary Judgment on the claim.

## IV. CONCLUSION

No genuine issues of material fact exist regarding Omni's crossclaims against Ultimate for both contractual and common law indemnification, and Ultimate is entitled to judgment as a matter of law. Therefore, the Court GRANTS Ultimate's Motion for Summary Judgment. ECF No. 82.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

September 7, 2021